

FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0396

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0396

IN RE THE MATTER OF:

KATHLEEN ELLEN SAWFER,

Petitioner and Appellee,

and

CHRISTOPHER PAUL SAWFER,

Respondent and Appellant.

ORDER

Self-represented Appellant Christopher Paul Sawfer (Christopher) has filed two motions seeking to stay execution of judgment entered in the Fourth Judicial District Court and seeking to stay the sale of the marital home. His first motion was filed prematurely as the District Court had not issued an order denying his request for stay. Counsel for Appellee Kathleen Ellen Sawfer (Kathleen) has filed a response in opposition. M. R. App. P. 22(2)(b)(i). Christopher has also filed a reply, which is not recognized, pursuant to M. R. App. P. 16(3). We address Christopher's request for stay of judgment and stay of the sale of the marital home.

Christopher provides that the marital home was to be sold within thirty days of the court's July 28, 2021 Order. He argues that many other options were available in lieu of selling the marital home. He states that "the sale of the family home in the current real estate market will create additional pain and suffering to the three minor children that currently reside in the family home . . . ." In his second pending motion, Christopher alleges that the children's best interests have been ignored. He further states that "[t]here would be significant irreparable harm to the children, their livelihoods, their 4H projects, their mental health and stability, as well as, their developmental needs."

Kathleen contends that Christopher has not complied with this Court's Rules and that his motions fail to demonstrate good cause. Kathleen explains that Christopher's motions for a stay should be denied because of the resulting economic hardship to her.

Under the Montana Rules of Appellate Procedure, a person first must seek a stay in District Court. M. R. App. P. 22(1)(a)(i). Christopher has done so, and the District Court has denied his request. When reviewing a district court's denial of a motion for stay, this Court is guided by Rule 22(2)(a), which requires that a party seeking relief from the order file a motion within 11 days of the order and demonstrate good cause for the relief requested. Christopher's second motion was filed timely. M. R. App. P. 22(2)(a).

The District Court provided its supporting rationale for the denial of the motion. M. R. App. P. 22(1)(d). The District Court concluded that no irreparable harm would come to Christopher if the house were to be sold because Kathleen is due her portion of the marital estate. In its Order, the court explained that during the April 21, 2021 hearing, the court heard testimony about the marital estate and the imposed sale of the marital home. The court stated:

> The [c]ourt does not find irreparable harm to Christopher in the event the house is sold pending the adjudication of his appeal. Rather, the court finds that Kathleen requires access to her equitable portion of the marital estate to avoid irreparable financial harm. Testimony at the hearing held on April 21, 2021, established that Kathleen has only avoided financial insolvency because of loans from her family. She has received virtually nothing from the marital estate to date, of which the marital residence is the primary asset of value. In fact, Christopher at times has taken steps to actively deny Kathleen access to marital resources. After the separation but before the economic restraining order was in place, Christopher transferred title of the truck that Kathleen has used for transportation during the marriage. . . .
>
> Christopher had ample opportunity to secure financing or propose alternative resolutions that would not require Kathleen to finance his purchase of her equity and would allow her access to resources from the marital estate. He was told at the hearing held on April 21, 2021, that the [c]ourt would not order a payment plan option that he was requesting given the dynamics of the relationship between [him] and Kathleen. The [c]ourt made clear that the options for distributing to Kathleen her share of the equity

2

in the marital home were either sale of the home or Christopher refinancing to pay out Kathleen her share of the equity. Christopher was unsure of his ability to refinance at that time. At the July 28, 2021 hearing in this case, the last hearing held prior to the [c]ourt issuing the Decree of Dissolution, Christopher still did not have any information about his ability to refinance and renewed his request to essentially have Kathleen finance his buyout of her interest in the home through a payment plan.

Order Denying Respondent's Motion for Stay Pending Appeal, at 1-2 (Mont. Fourth Judicial Dist. Ct. Aug. 25, 2021). Upon review, the District Court gave Christopher time and opportunity for another option, and Christopher chose not to pursue that course. We conclude that Christopher has not demonstrated good cause for a stay. Accordingly,

IT IS ORDERED that Christopher's Motion for Stay of Execution of Judgment is DENIED.

IT IS FURTHER ORDERED that Christopher's Emergency Stay of Execution request to prevent the sale of family home is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Christopher Paul Sawfer along with a copy of this Court's Civil Appellate Handbook.

DATED this 14th day of September, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3